# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| DAVID L. WHITE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15-0289-CV-W-SRB |
| CITIMORTGAGE, INC., | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's Motion for Summary Judgment (Doc. #293). For reasons discussed below, the motion is denied.

### I. Background

Plaintiff David White sued the former loan servicer for his mortgage, Defendant CitiMortgage, claiming violations of the Missouri Merchandising Practices Act ("MMPA"). Plaintiff alleges in his Second Amended Complaint that Defendant misled him into believing that title to his home had been restored to him after Defendant had rescinded the foreclosure sale of Plaintiff's home, when in fact title was never restored to Plaintiff. Moreover, Plaintiff alleges that Defendant, knowing title to the home subject to the mortgage had not been restored to Plaintiff, continued to demand and collect mortgage payments from Plaintiff.

### II. Legal Standards

Federal Rule of Civil Procedure 56(a) requires a court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary judgment bears the burden of showing the district court the basis for its motion and pointing to portions of the record which the

moving party "believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Moore v. Martin*, 854 F.3d 1021, 1025 (8th Cir. 2017). There is no genuine dispute of material fact if "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Grage v. N. States Power Co.-Minnesota*, 813 F.3d 1051, 1054 (8th Cir. 2015) (courts deciding summary judgment motions view evidence and inferences that reasonably may be drawn from evidence in light most favorable to nonmoving party).

The MMPA creates a cause of action for "[a]ny person" who 1) purchases "merchandise" 2) "primarily for personal, family or household purposes" and 3) "suffers an ascertainable loss of money or property" 4) "as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020." Mo. Rev. Stat. § 407.025.1. As to the fourth element, the only element in dispute here, the MMPA declares the following conduct to be unlawful: "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . ." Mo. Rev. Stat. § 407.020.1.

### III. Discussion

The first three elements of Plaintiff's MMPA claim are indisputably satisfied. (Doc. # 306, p. 17). The parties strongly dispute the fourth element, i.e., whether Defendant exhibited any conduct declared "unlawful" under the MMPA that caused Plaintiff's injury. Plaintiff has not satisfied his burden of showing that there is no genuine dispute of material fact regarding his MMPA claim.

As it was when this Court ruled on Plaintiff's previous motion for summary judgment, there is still a genuine dispute of material fact as to whether Plaintiff's loss resulted from conduct

by Defendant declared "unlawful" under the MMPA. For example, in paragraph 33 of his Second Amended Complaint, Plaintiff alleges that the loan modification agreement from October 2008 "was premised on [Plaintiff] being the owner of the Property in that it prohibited [Plaintiff] from selling the Property without the lender's consent and stated that [Plaintiff] pledged the Property as security for the loan." (Doc. #285, ¶ 33). Plaintiff argues that there is no genuine dispute that the October 2008 loan modification agreement was "misleading"[1] under the MMPA because "any reasonable person would interpret [the loan modification Section 3] language as indicating that he or she owned the house" and "[a]ny reasonable person would interpret [the loan modification Section 6] language and the references to the original Deed of Trust as indicating that he or she owned the property." (Doc. # 294, pp. 15–17).

The language related to reasonableness in Plaintiff's brief demonstrates one reason why a jury, not this Court, should decide the fourth element of Plaintiff's MMPA claim. Moreover, Defendant's production of the Amy Cullen emails does not change the outcome on this motion. These emails may shed light on Plaintiff's MMPA claim, but they do not wipe away any and all genuine disputes of material fact regarding the fourth element. Viewing the evidence and inferences reasonably drawn from the evidence in the light most favorable to Defendant, this Court finds that a genuine dispute of material fact exists regarding Plaintiff's MMPA claim. Summary judgment for Plaintiff is therefore inappropriate.

---

[1] Plaintiff also argues that, under the law-of-the-case doctrine, the Eighth Circuit's characterization of the loan modification as "misleading" in its order reversing summary judgment on statute of limitations grounds conclusively establishes conduct by Defendant that is "unlawful" under the MMPA, a matter that "cannot be relitigated." (Doc. # 294, p. 15). The Court rejects this argument. The Eighth Circuit's prior characterizations of the loan modification agreement are dicta because they were not necessary to its ruling on the statute of limitations issue. Because these statements are dicta, they are not the law of this case. *See United States v. Bloate*, 655 F.3d 750, 755 (8th Cir. 2015).

## IV. Conclusion

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. # 293) is denied.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: October 23, 2018