**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

DAVID L. WHITE,             )
                            )
           Plaintiff,      )
                            )
v.                           )     Case No.   15-0289-CV-W-SRB
                            )
CITIMORTGAGE, INC.,      )
                            )
           Defendant.    )

## <u>ORDER</u>

Before the Court is Plaintiff's Supplemental Brief Regarding Attorney Fees in Support of White's Motion for Sanctions. (Doc. #308). Plaintiff submitted this brief according to this Court's direction in its order partially granting Plaintiff's motion for sanctions. (Doc. #307).

Plaintiff requests $8,104.29 in attorney's fees, (Doc. # 308, p. 1), for the depositions Plaintiff claims were adversely impacted by Defendant's delayed production of the Amy Cullen emails, which was the basis for this Court's grant of Plaintiff's motion for discovery sanctions. Plaintiff provides detailed timesheets but no supporting argument. Defendant "acknowledges its responsibility to pay some fee sanction amount" but argues that Plaintiff's request is "overreaching and unsupportable." (Doc. #314, p. 1). In particular, Defendant argues that Plaintiff has failed to provide the Court with "the most critical information—'the actual expense incurred as a result of Defendant's conduct.'" (Doc. #314, p. 3) (citing Doc. #308, pp. 1–4). In Defendant's view, a reasonable fee award would be between $1,880 and $2,317.10. (Doc. #314, p. 9).

When a party violates discovery rules, district courts have "wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v.*

*Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (citing Fed. R. Civ. P. 37(c)(1); *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998)).  The plain language of Rules 26(g)(3) and 37(c)(1)(A) allow monetary sanctions comprised of "reasonable expenses, including attorney's fees, caused by" a party's discovery violation.  The amount of a monetary sanction for discovery abuse should therefore encompass "all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly."  *In re Stauffer Seeds, Inc.*, 817 F.2d 47, 50 (8th Cir. 1987) (quoting *Aerwey Labs. v. Arco Polymers*, 90 F.R.D. 563, 565–66 (N.D. Ill. 1981)).  Considering the purposes of monetary discovery sanctions, this Court imposes an attorney's fee sanction of $3,500 due on or before December 28, 2018.

Accordingly, it is hereby **ORDERED** that Defendant pay Plaintiff $3,500 in attorney's fees on or before December 28, 2018.

**IT IS SO ORDERED.**


/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT


DATE: November 16, 2018